EDWIN W. PARSIL, Appellant, *v.* " ONYX " HOSIERY, INC., Respondent.

First Department, April 8, 1927.

Master and servant — contract of employment — tripartite agreement between plaintiff manager, defendant corporation employer, and third party from whom plaintiff purchased stock in defendant, construed — no guaranty of dividends on said stock by defendant.

In an action to recover unpaid salary and for damages for wrongful discharge of plaintiff manager from the employment of the defendant corporation, it appears that the defendant corporation agreed to pay the plaintiff in weekly installments $16,000 per year " and in addition to guarantee   *   *   *   that the Manager shall receive by way of dividends upon the shares of the capital stock of the Employer hereinafter mentioned dividends aggregating at least the sum of Nine Thousand Dollars ($9,000) during each and every year of the employment of the Manager," and the contract further provides that " the purpose of this provision being that the Manager shall receive as total compensation by way of drawing account and as dividends on such shares of stock at least the sum of Twenty-five thousand Dollars ($25,000) in each year during said term of his employment." Two separate paragraphs of the contract are devoted exclusively to the purchase by the plaintiff from the third party of 2,000 shares of stock and are a separate obligation in which the defendant corporation had no interest and to which purchase and sale it was not a party.

The agreement was solely a contract of employment and the amount to be received as dividends is not fixed or guaranteed by the defendant corporation and, therefore, a motion to dismiss the complaint on the theory that the contract was

*ultra vires* and void in that the defendant corporation had guaranteed payment of dividends upon its stock, which guaranty was an unlawful discrimination against other stockholders, should be denied.

APPEAL by the plaintiff, Edwin W. Parsil, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 2d day of July, 1926, granting defendant's motion to dismiss the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

*Charles R. Bailey,* for the appellant.

*Irving Zion* of counsel [*Benjamin Wiener* with him on the brief; *Herman Goldman,* attorney], for the respondent.

MARTIN, J. This action relates to a tripartite agreement. The plaintiff and defendant and a third party entered into a contract under which the defendant agreed to employ appellant for a period of years and to pay him, each year during the term of the contract or of any continuation contract, a total annual compensation of at least $25,000. The sum of $16,000 was to be paid in equal weekly installments and $9,000 on the thirty-first day of December in each year, such sum of $9,000 to be reduced by the amount of dividends, if any, not exceeding $9,000 in amount, received by the appellant during the current year, upon 2,000 shares of common stock of the respondent corporation.

By the terms of the contract appellant agreed to purchase from the third party to said contract 2,000 shares of said common stock, it being agreed that the appellant would receive all the dividends on said shares, but that title would remain in the seller until delivery thereof in compliance with all the terms and conditions thereof.

The respondent was not selling the stock and no question as to the performance of the agreement to sell is involved.

This action was brought to recover unpaid salary and for damages or wrongful discharge of plaintiff from the employment of the respondent.

At Special Term the complaint was dismissed, the theory being that said contract was *ultra vires* and void, that the respondent corporation had guaranteed payment of dividends upon its stock, it being further held that the guaranty was an unlawful discrimination against other stockholders.

The 4th paragraph of the contract provides: "As compensation to the Manager, the Employer hereby agrees to pay to the Manager in equal weekly installments of Three hundred and seven and 70/100 Dollars ($307.70), payable in each and every week during the said term of the said employment, the aggregate sum of Sixteen

thousand Dollars ($16,000) per annum, any and all payments heretofore made during the year 1924 by the Employer to the Manager to apply on account thereof, and in addition to guarantee and it hereby guarantees that the Manager shall receive by way of dividends upon the shares of the capital stock of the Employer hereinafter mentioned dividends aggregating at least the sum of Nine Thousand Dollars ($9,000) during each and every year of the employment of the Manager, any deficit in any one year in such amount of the dividends to be paid to him by it on the 31st day of each December during the period of said employment, the purpose of this provision being that the Manager shall receive as total compensation by way of drawing account and as dividends on such shares of stock at least the sum of Twenty-five thousand Dollars ($25,000) in each year during said term of his employment."

That paragraph is devoted wholly to the subject of compensation as indicated by the opening words; and, at the end, it expressly provides: " * * * the purpose of this provision being that the Manager shall receive as total compensation by way of drawing account and as dividends on such shares of stock at least the sum of Twenty-five thousand Dollars ($25,000) in each year during said term of his employment."

The purpose of the agreement is that the manager shall receive as total compensation at least the sum of $25,000 in each year during said term of his employment; and that if the dividends are less than $9,000 the employer is to pay the difference.

That the item of $9,000 constitutes an integral part of the agreed total annual compensation of $25,000 and was not primarily to be paid as an incident to the ownership of stock is evidenced by the fact that it is to be paid only during the term of the employment.

Additional light is thrown upon the purpose of the contract by paragraph " 8 " wherein it is provided that the entire agreement shall immediately cease upon the termination of appellant's employment for any cause prior to the end of the stipulated term, and that if appellant's employment cease by reason of his death or sickness, the full compensation of $25,000 is to be paid to the end of the year.

There are other features of the agreement which emphasize the fact that, as between appellant and respondent, the agreement was solely a contract of employment. The 2d paragraph recites that " Whereas, the Manager has been since prior to January 1, 1924, and is now in the employment of the Employer and they are mutually desirous of continuing the employment until the 31st day of December, 1926, and thereafter, upon the terms and conditions hereinafter set forth." Paragraph " 1 " provides that

"Any and all contracts whatsoever there may be between the Employer and the Manager, or between the Manager and said Emery, or between the Manager and the Employer and said Emery, be and the same hereby are mutually rescinded, cancelled and annulled." In paragraph " 2 " respondent agrees to employ appellant and in paragraph " 3 " appellant agrees to accept the employment. Paragraphs " 5 " and " 7 " are devoted exclusively to the purchase from the third party of 2,000 shares of stock, a separate obligation in which respondent had no interest whatever and to which purchase and sale it was not a party.

Paragraph " 8," which concludes the written agreement, provides: " 8. In case nevertheless, of the termination prior to December 31, 1929, of said employment, for any cause (except its termination on December 31, 1926, because of the failure or omission of either party to give said notice in the manner and at the time hereinabove provided therefor) then this agreement shall immediately cease and determine."

This provision manifestly affects the rights of all parties concerned. Paragraph " 8 " further provides in substance that in the event of such termination prior to the end of the stipulated term, or in the event appellant should fail to pay the third party any installment of the purchase price falling due prior to the death of said third party, appellant should lose all rights in and to the stock including all payments made by him against the purchase price. It is expressly provided that in such event appellant should lose all rights to the ownership of the stock or to further dividends thereon. All this is intended to regulate and define the rights and duties of appellant and the third party exclusively and has no reference whatever to the rights or obligations of the respondent.

The final part of this last paragraph provides a final statement of respondent's obligations to pay salary under the contract in the event of the termination of the employment by appellant's sickness or death.

The appellant contends that the true construction of the contract is that the amount to be received as dividends is not fixed or guaranteed. It is a variable element. It is agreed that the employee shall not receive while employed less than $25,000 a year. That is the " guaranty " on the basis of which he entered the service. Whether what might be termed his salary should be more or less was contingent on the amount paid as dividends. The salary agreed to be paid was the variable element; for there was no agreement to pay any fixed dividends on any shares of stock. Assuming that the other view is possible, it is not compelled by the provisions of the agreement. On familiar principles the interpretation rendering the agreement enforcible should be adopted.

There is no magic in the word "guaranty" to translate the intent and agreement of the parties into a contract of guaranty when it is manifest that the parties did not contemplate such a contract and that they did contemplate payment of compensation. It would be more appropriate to say that under this contract there is a guaranty of salary than a guaranty of dividends.

The order should be reversed, with ten dollars costs and disbursements to the appellant, and the motion denied, with ten dollars costs, with leave to the defendant to' answer upon payment of said costs.

DOWLING, P. J., MERRELL, O'MALLEY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order upon payment of said costs.